UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS J. CHMURA,

    Plaintiff,

v.                                     Case No.  8:04-cv-2054-T-24 MAP

MONACO COACH CORPORATION,
and LAZY DAYS RV CENTER, INC.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Amend Complaint.  (Doc. No. 27).  Defendants oppose this motion.  (Doc. No. 28).

Plaintiff asserts breach of warranty and revocation of acceptance claims in his original complaint against Defendants regarding his purchase of a recreational vehicle.  In this motion, Plaintiff requests leave to amend his complaint to add his wife as a co-plaintiff, since she is the co-owner of the vehicle at issue.

Defendants oppose this motion, arguing that it is untimely, since it was filed more than three months after their agreed-upon deadline for joinder of parties set forth in their case management report.  Additionally, Defendants point out that two of the claims asserted in the proposed amended complaint are futile, because they have already been dismissed by this Court in its October 7, 2004 Order on Defendants' motion to dismiss the original complaint.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be

prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." Taylor v. Florida State Fair Authority, 875 F. Supp. 812, 814 (M.D. Fla. 1995)(citation omitted).

Since Plaintiff has failed to explain why he waited so long to move to amend the complaint, the Court cannot determine whether there has been undue delay. Furthermore, the Court finds that two of the claims asserted in the proposed amended complaint are futile. Additionally, the Court notes that the motion fails to comply with Local Rule 3.01(a), since it does not include a legal memorandum with citations to authority. As such, the Court denies Plaintiff's motion to amend.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Amend Complaint (Doc. No. 27) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 26th day of April, 2005.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record