UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS J. CHMURA,

    Plaintiff,

v.                                                      Case No. 8:04-cv-2054-T-24 MAP

MONACO COACH CORPORATION,
and LAZY DAYS RV CENTER, INC.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on two motions: (1) Plaintiff's Motion to Remand (Doc. No. 65) and (2) Defendant Lazy Days R.V. Center, Inc.'s ("Lazy Days") Motion to Strike Plaintiff's Demand for Jury Trial (Doc. No. 61). The parties opposes each others' motions. (Doc. No. 66, 67).

**I. Background**

Plaintiff alleges the following in his complaint (Doc. No. 2): On or about July 24, 2001, Plaintiff purchased a 2002 Holiday Rambler Ambassador ("the vehicle") from Lazy Days. Thereafter, Plaintiff discovered several defects that impaired the vehicle's use, value, and safety. Plaintiff reported these defects to Lazy Days, but it failed to correct them. As a result, Plaintiff asserts a claim for revocation of acceptance against Lazy Days.[1]

**II. Motion to Remand**

Plaintiff filed this suit in state court, and Defendants removed it to this Court on

---

[1] Plaintiff also asserts breach of express warranty claims against Defendant Monaco Coach Corporation, the entity that allegedly manufactured, distributed, and/or imported the vehicle.

September 9, 2004. Nearly ten months after removal, Plaintiff now seeks to remand his claim against Lazy Days to state court. Plaintiff bases his request for remand on the Buyers Order that he executed when he purchased the vehicle from Lazy Days. Specifically, the Buyers Order contains the following provisions:

> 15. APPLICABLE LAW, VENUE, AND FEES. . . . "[A]ny and all actions of any kind relating to the item(s) sold must be filed in Hillsborough County, Florida. . . .
>
> 16. WAIVER OF JURY TRIAL. I AGREE THAT ANY AND ALL ACTIONS OF ANY KIND RELATING TO THE ITEM(S) SOLD WILL BE DECIDED BY A CIRCUIT COURT JUDGE, RATHER THAN A JURY.

(Doc. No. 66, Ex. A). Since the waiver of jury trial provision states that all actions must be decided by a *circuit* court judge, Plaintiff contends that all claims must be tried in state court. Plaintiff, however, fails to cite any authority for his contention that the Court should consider the waiver of jury trial provision as a forum selection clause.

Lazy Days responds that (1) the Buyers Order does not mandate that Plaintiff's claims be tried in state court, and (2) Plaintiff waived his right to enforce the purported forum selection clause.[2] Accordingly, the Court will address each argument.

### A. Venue Provision

Lazy Days argues that the Buyers Order does not mandate that Plaintiff's claim be tried in state court. Specifically, Lazy Days argues that paragraph 15, the venue provision, merely provides that venue lies in Hillsborough County, and since the Tampa Division of the Middle

---

[2] Lazy Days also argues that Plaintiff's motion for remand based on the purported forum selection clause is untimely, because the motion was made more than thirty days after the case was removed. The Court rejects this argument, because motions to remand based on forum selection clauses are not required to be filed within thirty days after removal. See Snapper, Inc. v. Redan, 171 F.3d 1249, 1259 (11th Cir. 1999).

District of Florida lies in Hillsborough County, the venue provision is satisfied. Lazy Days cites Global Satellite Communication Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004), to support its argument.

In Global Satellite, the venue provision in the parties' contract stated that "'[v]enue shall be in Broward County.'" Id. The appellate court stated that the venue provision did not designate any particular forum, and as such, a suit in either state or federal court located in Broward County would satisfy the venue provision. Id. Likewise, in the instant case, the venue provision does not designate any particular forum, and as such, a suit in either state or federal court located in Hillsborough County satisfies the venue provision.

To the extent that Plaintiff argues that the Court should consider the waiver of jury trial provision to be a forum selection clause because it refers to a circuit court judge deciding all claims, the Court rejects this argument, because Plaintiff has not cited any authority to support it. The waiver of jury trial provision simply sets forth the parties' agreement that a judge, not a jury, will decide the parties' claims. Plaintiff has failed to cite any cases to show that the Court should interpret this provision as a forum selection clause mandating that all claims be tried in state court.[3]

### B. Waiver

Even if the Court were to find that the Buyers Order contained a forum selection clause that required all claims to be tried in state court, Lazy Days argues that Plaintiff has waived his right to enforce the purported forum selection clause, since he has been actively litigating this

---

[3]Furthermore, the Court can deny Plaintiff's motion for remand due to Plaintiff's failure to comply with Local Rule 3.01(a), which requires that motions be accompanied by a brief or legal memorandum with citations to authority.

case in this Court for the last ten months.[4]  To support this contention, Lazy Days argues that federal courts find that defendants waive their right to remove a case if they show an intent to litigate in state court before attempting to remove the case[5], and therefore, by analogy, a court can find that a party waives their right to enforce a forum selection clause by actively litigating their case in a different forum.  The Court finds this argument persuasive.  As such, assuming arguendo that the Buyers Order requires that all claims be tried in state court, Plaintiff has waived his right to enforce such a provision by actively litigating this case in this Court for the past ten months.

### III.  Motion to Strike Jury Demand

Plaintiff asserts a revocation of acceptance claim against Lazy Days, in which he requests that the Court order Lazy Days to accept return of the vehicle, refund his purchase price, and pay incidental and consequential damages, interest, costs, and attorney's fees.  Lazy Days moves to strike Plaintiff's jury demand, arguing that Plaintiff's claim must be decided by the Court.  To support this contention, Lazy Days argues that (1) Plaintiff's claim against it is equitable in nature, and as such, Plaintiff is not entitled to a jury trial on the claim, and (2) Plaintiff waived his right to a jury trial in the Buyers Order.  Accordingly, the Court will address each argument.

#### A.  Equitable Relief

Plaintiff asserts a revocation of acceptance claim against Lazy Days, in which he requests

---

[4]Furthermore, the discovery period has closed, and this case has been set on the Court's February, 2006 trial calendar.

[5]See, e.g., Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004)(explaining that a defendant may waive their right to remove a case by actively litigating in state court).

that the Court order Lazy Days to accept return of the vehicle, refund his purchase price, and pay incidental and consequential damages, interest, costs, and attorney's fees. Lazy Days argues that Plaintiff is seeking equitable relief, and as such, Plaintiff's claim must be decided by the Court. Plaintiff responds that his claim is essentially one for money damages, and as such, a jury trial is appropriate

"'[T]he right to a jury trial in federal courts is to be determined as a matter of federal law.'" Ford v. Citizens & Southern Na. Bank, Catersville, 928 F.2d 1118, 1121 (11th Cir. 1991)(quoting Simler v. Conner, 372 U.S. 221, 222 (1963)). Likewise, the characterization of a claim as legal or equitable for the purpose of determining whether the right to a jury trial exists is also governed by federal law. See Simler, 372 U.S. at 222.

In order to determine whether a particular action is legal (giving rise to the right to a jury trial) or equitable (carrying no right to a jury trial), the Court must "examine both the nature of the issues involved and the remedy sought." Chauffeurs Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990). First, the Court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." Tull v. U.S., 481 U.S. 412, 417 (1987)(citations omitted). Second, the Court must "examine the remedy sought and determine whether it is legal or equitable in nature." Id. at 417-18 (citations omitted). After examining both the nature of the issues involved and the remedy sought by Plaintiff, the Court concludes that Plaintiff's claim against Lazy Days is essentially a claim for rescission, which is an equitable proceeding that does not give rise to a right to a jury trial. See Scheurenbrand v. Wood Gundy Corp., 8 F.3d 1547, 1551 (11th Cir. 1993); Phillips v. Kaplus, 764 F.2d 807, 812 (11th Cir. 1985)(citations omitted).

### B. Waiver

Additionally, Lazy Days points out that Plaintiff waived his right to a jury trial in the Buyers Order, which provides:

> 16. WAIVER OF JURY TRIAL. I AGREE THAT ANY AND ALL ACTIONS OF ANY KIND RELATING TO THE ITEM(S) SOLD WILL BE DECIDED BY A CIRCUIT COURT JUDGE, RATHER THAN A JURY.

(Doc. No. 66, Ex. A). The Court agrees with Lazy Days and finds that this is an additional basis for striking Plaintiff's demand for a jury trial on his claim against Lazy Days.

### IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion to Remand (Doc. No. 65) is **DENIED**; and

(2) Defendant Lazy Days' Motion to Strike Plaintiff's Demand for Jury Trial (Doc. No. 61) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of July, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record