UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS J. CHMURA,

        Plaintiff,

v.                                Case No.  8:04-cv-2054-T-24 MAP

MONACO COACH CORPORATION,
and LAZY DAYS RV CENTER, INC.,

        Defendants.

_____/

## ORDER

This cause comes before the Court on two motions for summary judgment: Defendant

Monaco Coach Corporation's ("Monaco") Motion for Summary Judgment[1] (Doc. No. 109) and

Defendant Lazy Days RV Center Inc.'s ("Lazy Days") Motion for Summary Judgment (Doc. No.

108).  Plaintiff opposes these motions.  (Doc. No. 115, 86, 84).

## I.  Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any, show that the moving

party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears

the initial burden of showing the Court, by reference to materials on file, that there are no

genuine issues of material fact that should be decided at trial.  See Celotex Corp. v. Catrett, 477

U.S. 317 (1986).  A moving party discharges its burden on a motion for summary judgment by

"showing" or "pointing out" to the Court that there is an absence of evidence to support the non-

---

[1]Monaco also filed two notices of supplemental authority.  (Doc. No. 116, 117).

moving party's case.  Id. at 325.  Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim.  See id.  When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial.  Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).  Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. See Augusta Iron & Steel Works v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).

## II.  Background

On or about July 24, 2001, Plaintiff purchased a new 2002 Holiday Rambler Ambassador recreational vehicle ("the vehicle") from the dealer, Lazy Days, for a price of  $160,277.00. (Plaintiff's affidavit, Doc. No. 84-2, ¶ 2).  The vehicle was manufactured by Monaco, and Monaco provided a limited warranty for the vehicle.  (Exhibit 23 to Plaintiff's depo).

Less than a month after receiving the vehicle, Plaintiff took the vehicle in for service repairs.  (Plaintiff's affidavit, Doc. No. 84-3, ¶ 7). Throughout his course of ownership, Plaintiff

took the vehicle for service repairs of over 120 items, and the vehicle was out of service for 168

days.  (Plaintiff's affidavit, Doc. No. 84-3, ¶ 7).

      The purchase of the vehicle by Plaintiff from Lazy Days was memorialized in a written

Buyer's Order.  (Plaintiff's depo, p. 85-86; Doc. No. 108, Ex. A).  On the front of the Buyer's

Order above Plaintiff's signature, the Buyer's Order contains the following statements:

> This agreement contains the entire agreement and understanding between you and
> me.[2]  No statements, representations, warranties, or inducements, verbal or
> written, have been made which have been relied upon by me which are not
> specifically written in this agreement.  All discussions, negotiations,
> representations, statements and inducements which are a part of the basis of the
> bargain between you and me and which are important to me are written in this
> contract and all parts of this contract are agreed by me to be a part of the basis of
> the bargain between you and me.

On the front of the Buyer's Order, between the above quoted language and Plaintiff's signature,

is the following statement:

> I ACKNOWLEDGE RECEIPT OF A COPY OF THIS ORDER, AND I HAVE
> READ, UNDERSTAND, AND AGREE WITH THE BACK OF THIS
> AGREEMENT.

In paragraph nine on the back of the Buyer's Order, Lazy Days excludes all warranties:

> 9.     EXCLUSIONS OF WARRANTIES.  I UNDERSTAND THAT THE
> IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A
> PARTICULAR PURPOSE AND ALL OTHER WARRANTIES, EXPRESS OR
> IMPLIED, ARE EXCLUDED BY YOU FROM THIS TRANSACTION AND
> SHALL NOT APPLY TO THE GOODS SOLD.  I UNDERSTAND THAT
> THERE ARE NO WARRANTIES WHICH EXTEND BEYOND THE
> DESCRIPTION ON THE FACE HEREOF REGARDING THE UNIT OR ANY
> APPLIANCE OR COMPONENT WHICH IS A PART OF THE UNIT OR THIS
> SALE.

Furthermore, paragraph eleven on the back of the Buyer's Order limits Plaintiff's available

---

[2]The first line on the back of the Buyer's Order defines "you" as Lazy Days and "me" as
Plaintiff.

remedies against Lazy Days and specifically states that the remedy of revocation of acceptance is

not available against Lazy Days:

> 11.    MANUFACTURERS WARRANTIES.  MECHANICAL PROBLEMS
> MAY ARISE WITH ANY VEHICLE.  I UNDERSTAND THAT THERE MAY
> BE WRITTEN WARRANTIES COVERING THE UNIT PURCHASED, OR
> ANY APPLIANCE(S) OR COMPONENT(S), WHICH HAVE BEEN
> PROVIDED BY THE MANUFACTURERS OF THE UNIT, THE
> APPLIANCE(S) OR THE COMPONENT(S).  I UNDERSTAND THAT THESE
> WARRANTIES ARE EXCLUSIVE AND ARE THE SOLE REMEDY FOR
> ANY PROBLEMS THAT I MIGHT HAVE WITH THE UNIT OR ANY
> APPLIANCE(S) OR COMPONENT(S).  NO OTHER REMEDIES ARE
> AVAILABLE TO ME, INCLUDING BUT NOT LIMITED TO, REVOCATION
> OF ACCEPTANCE AND RESCISSION.

On July 28, 2004, Plaintiff filed suit against Lazy Days and Monaco in state court.

Thereafter, the case was removed to this Court.  The following claims remain against

Defendants: Count I: breach of express warranty against Monaco; Count III: liability under the

Magnuson-Moss Warranty Act ("MMWA") for breach of express warranty against Monaco; and

Count V: revocation of acceptance against Lazy Days.[3]  Lazy Days and Monaco now move for

summary judgment on these claims.

### III.  Lazy Days' Motion for Summary Judgment

Plaintiff asserts a claim for revocation of acceptance against Lazy Days.  Lazy Days

moves for summary judgment on this claim, because the Buyer's Order expressly disclaims the

remedy of revocation of acceptance.  Furthermore, Lazy Days argues that since it disclaimed all

warranties in paragraph nine of the Buyer's Order, there is no basis for Plaintiff's revocation of

acceptance claim.

---

[3]The Court dismissed Count II: breach of implied warranty against Monaco and Count
IV: liability under the MMWA for breach of implied  warranty against Monaco.  (Doc. No. 7).

4

Plaintiff responds with the following arguments: (1) Lazy Days could not disclaim the statutory warranty provided in Florida Statute § 320.835; and (2) Lazy Days' disclaimer of warranties and of the remedy of revocation of acceptance was not conspicuous, and as such, the disclaimers are invalid.[4]  The Court, however, rejects Plaintiff's arguments.

## A.  Statutory Warranty

Plaintiff first argues that Lazy Days could not disclaim the statutory warranty provided in Florida Statute § 320.835.  Section 320.835 provides that each dealer of recreational vehicles shall warrant each recreational vehicle sold in Florida in accordance with the warranty requirements prescribed by this section, for a period of at least 12 months, measured from the date of sale of the recreational vehicle.  Section 320.835 further provides that a dealer warrants that any modifications or alterations made to the recreational vehicle by the dealer or authorized by the dealer shall be free from substantial defect.

Plaintiff appears to argue that express warranties were made by Lazy Days to Plaintiff in a pre-delivery inspection.  Plaintiff, however, does not submit to the Court any evidence of a pre-delivery inspection, or any evidence of any express warranties made during a pre-delivery inspection.  As such, the Court rejects Plaintiffs's arguments on this issue, as Plaintiff has not

---

[4]Plaintiff also argues that there is a genuine issue of material fact regarding whether Lazy Days breached the warranty of fitness for a particular purpose.  However, Florida Statute § 672.316(2) provides that  "to exclude . . . any implied warranty of fitness, the exclusion must be by a writing and conspicuous.  Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'"  The Buyer's Order has a conspicuous disclaimer that states that there are no warranties which extend beyond the description on the face hereof.  As such, the Court rejects Plaintiff's argument on this issue.

shown that any representations were made during a pre-delivery inspection.[5]

**B.  Conspicuousness of Disclaimers**

Plaintiff also argues that Lazy Days' disclaimer of warranties and of the remedy of revocation of acceptance was not conspicuous, and as such, the disclaimers are invalid.  Florida Statute § 671.201(10) defines conspicuousness, as follows:

> A term or clause is "conspicuous" when it is so written that a reasonable person against whom it is to operate ought to have noticed it.  A printed heading in capitals (as: NONNEGOTIABLE BILL OF LADING) is conspicuous.  Language in the body of a form is conspicuous if it is in larger or other contrasting type or color. . . . Whether a term or clause is conspicuous or not is for decision by the court.

In the instant case, the disclaimer of warranties provision (paragraph nine) and limitation of remedies provision (paragraph eleven) of the Buyer's Order are printed in all capital letters and are underlined.  It appears that a similar Buyer's Order form was at issue in another case against Lazy Days, and the court in that case found the disclaimers (which were in all capital letters and underlined) to be conspicuous.  See Lambert v. Monaco Coach Corp., 2005 WL 1227485, at *4 (M.D. Fla. May 24, 2005).  This Court agrees that the disclaimers at issue in the instant case are conspicuous, since the use of all capital letters and underlining highlights these provisions and sets them apart from other provisions on the page.  See, e.g., Monsanto Agricultural Products Co. v. Edenfield, 426 So. 2d 574, 577 (Fla. 1st DCA 1983)(finding that the

---

[5]Plaintiff cites Griffis v. Leisure Tyme RC, Inc., 884 So. 2d 241 (Fla. 1st DCA 2004), in support of his argument that there is a genuine issue of material fact regarding whether Lazy Days' representations during the pre-delivery inspection created express warranties that were not disclaimed.  However, as previously stated, Plaintiff has not submitted any evidence that Lazy Days made any representations during a pre-delivery inspection.  Furthermore, Griffis is distinguishable, because the evidence before the court in Griffis was that the dealer stated in the pre-delivery inspection form that it would correct certain specified items prior to the delivery of the recreational vehicle to the plaintiffs.  See id. at 242.  No such evidence is before this Court.

disclaimer printed in capital letters was conspicuous); <u>Rudy's Glass Construction Co. v. E. F. Johnson Co.</u>, 404 So. 2d 1087, 1090 (Fla. 3d DCA 1981)(finding that the disclaimer printed in capital letters was conspicuous).  Furthermore, the fact that the disclaimers are on the back of the Buyer's Order does not make them inconspicuous, since the front of the Buyer's Order contains a statement in all capital letters above Plaintiff's signature alerting him that there are additional terms on the back of the document.  <u>See</u> <u>Rudy's Glass Construction</u>, 404 So. 2d at 1089.

Since Lazy Days has shown that the disclaimers are conspicuous, Lazy Days has shown that it has disclaimed all warranties, express and implied.  As such, Lazy Days has shown that there is no basis for Plaintiff to revoke his acceptance, because Plaintiff has not shown a breach of a contractual obligation by Lazy Days (since there were no warranties given by Lazy Days that Lazy Days could have breached).  <u>See</u> <u>Giallo v. New Piper Aircraft, Inc.</u>, 855 So. 2d 1273, 1275-76 (Fla. 4th DCA 2003); <u>Frank Griffin Volkswagen, Inc. v. Smith</u>, 610 So. 2d 597, 603 (Fla. 1st DCA 1992); <u>Rex v. Copley's RV Center, Inc.</u>,[6] No. 04-80854-CIV-MIDDLEBROOKS/ JOHNSON, at p. 6 (S.D. Fla. May 23, 2005)(stating that "a valid disclaimer of warranties prohibits later revocation of acceptance").  Accordingly, the Court rejects Plaintiff's arguments on this issue and finds that Lazy Days has shown that it is entitled to summary judgment on Count V - revocation of acceptance, the only claim asserted against it.

**IV.  Monaco's Motion for Summary Judgment**

Plaintiff asserts two claims against Monaco: (1) breach of express warranty, and (2) liability under the MMWA for breach of express warranty.  Monaco moves for summary judgment on these claims, arguing that: (1) Plaintiff cannot prove his damages, and (2) Plaintiff's

---

[6]A copy of this order is attached to Doc. No. 108, Ex. B.

claims are untimely.  Accordingly, the Court will address each argument.

### A.  Damages[7]

In general, when asserting a breach of express warranty claim, the measure of damages "is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted."  Fla. Stat. § 672.714(2).  Monaco argues that Plaintiff cannot prove his damages, because he is not competent to testify as to the diminished value of the vehicle on the date of sale due to the alleged defects as he has no basis upon which to make such a valuation.

Plaintiff responds that an owner of property can be qualified to state his opinion as to the value of his property.  See, e.g., Hill v. Marion County, 238 So. 2d 163, 166 (Fla. 1st DCA 1970)(owner testified regarding the diminished value of her residence); Meredith v. Hardy, 554 F.2d 764, 765 (5th Cir. 1977)(owner testified to the value of a destroyed truck and camper and lost personal property); Neff v. Kehoe, 708 F.2d 639, 644 (11th Cir. 1983).  The accuracy of Plaintiff's opinion "is a matter for cross-examination and goes merely to the weight and not to the admissibility."  Hardy, 554 F.2d at 765 (citation omitted).  Accordingly, the Court rejects Monaco's argument that Plaintiff is unable to prove his damages and denies Monaco's motion for summary judgment on this issue.[8]

---

[7]The analysis of Monaco's damages argument regarding Plaintiff's breach of express warranty claim is the same as the analysis for Plaintiff's claim under the MMWA for breach of express warranty.  See Boyd v. Homes of Legend, Inc., 188 F.3d 1294, 1298 (11th Cir. 1999)(noting that the MMWA is silent as to the amount and type of damages to be awarded in a breach of warranty suit, and the legislative history of the MMWA implies that a resort to state law is proper in determining the applicable measure of damages under the MMWA).

[8]However, the Court notes that to the extent that Plaintiff seeks a refund of the purchase price under the MMWA, the refund remedy of § 2304(a)(4) of the MMWA is not available to

**B.  Timeliness**

Monaco also argues that it is entitled to summary judgment on Plaintiff's claims, because they are untimely.  Specifically, Monaco points to the "Legal Remedies" section of the limited warranty, which provides that any action to enforce the express warranty must be commenced within one year after the expiration of the warranty.  (Exhibit 23 to Plaintiff's depo).  The warranty period was twelve months from the purchase date or the first 24,000 miles of use, whichever came first.  (Exhibit 23 to Plaintiff's depo).  Plaintiff purchased the vehicle on July 24, 2001, so the twelve month period ended July 24, 2002; however, Monaco later added six months onto the limited warranty.  (Plaintiff's depo, p. 176).  Plaintiff did not file suit against Monaco until July 28, 2004–more than twelve months after the expiration of the limited warranty.

Plaintiff responds that Florida does not allow for a reduction in the limitations period for filing breach of express written warranty claims, and as such, Monaco's shortened limitations period is void.  Plaintiff bases his argument on Florida Statute § 95.03, which provides that "any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void." Furthermore, Florida Statute § 95.11(2)(b) provides that an action on a contract founded on a written instrument must be brought within five years.  Plaintiff has filed suit within the statutory period provided by Florida Statute § 95.11, and Monaco's attempt to shorten the limitations period is void.  Accordingly, the Court denies Monaco's motion for summary judgment on this

Plaintiff, since Monaco's warranty was a "limited" and not a "full" warranty.  See Lambert, 2005 WL 1227485, at *4 (citations omitted).  Likewise, Plaintiff is not entitled to recover emotional or mental damages for his breach of warranty claims.  See id. at *3 n.2.

issue.

## V.  Monaco's Request for Sanctions

In its motion for summary judgment, Monaco requests an award of "appropriate relief"

for Plaintiff's counsel's speaking objections during Plaintiff's deposition.  Upon consideration,

the Court denies Monaco's request.

## VI.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)    Defendant Monaco Coach Corporation's Motion for Summary Judgment (Doc.

No. 109) is **DENIED**.

(2)    Defendant Monaco Coach Corporation's Request for Sanctions (Doc. No. 109-2)

is **DENIED**.

(3)    Defendant Lazy Days RV Center Inc.'s Motion for Summary Judgment (Doc. No.

108) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of March, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

10